## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,    Criminal No. 01-224(2) (DWF/AJB)

      Plaintiff,

v.    **ORDER AND MEMORANDUM**

Keith Williams
a/k/a Gregory Hymes, Jr.
a/k/a Baby G,

      Defendant.

_____

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Andrea K. George, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

_____

Keith Williams, by and through counsel, has moved, pursuant to 18 U.S.C. § 3582, for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases.

Based upon the submissions of the parties and the Court having reviewed the contents of the file in this matter, including the sentencing proceeding in this case, and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Defendant Keith Williams' motion for a reduction of his sentence pursuant to the revised and retroactive amendments to the United States Sentencing Guidelines (Doc. No. 93) is respectfully **DENIED**.

Dated:  November 20, 2008             s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      Judge of United States District Court

**MEMORANDUM**

The Defendant, Keith Williams, qualifies in a technical sense, for a resentencing pursuant to the retroactive crack cocaine guideline amendment and 18 U.S.C. § 3682(c). Specifically, the advisory guidelines, based upon a total offense level of 35, was 262 to 327 months.  As amended, the advisory sentence is 210 to 262 months.

However, the Court granted the Government's motion for a downward departure and sentenced Defendant to 96 months, followed by 5 years of supervised release. A 10-year mandatory minimum was also applicable to the case, but for the motion for downward departure.

There is an even more compelling reason for the Court to respectfully decline to reduce the sentence further from 96 months.  If the Court were to do so, it would compel an almost immediate release into the community without completing any transitional half-way house placement, given the fact that the Defendant has completed the prison component of his sentence and recently entered a Minneapolis half-way house with a

projected release date of February 1, 2009. The Court is hopeful that the Defendant will continue to have a successful transition from prison to the community within which he chooses to live. Finally, utilizing the applicable guideline factors set forth in 18 U.S.C. § 3553(a), the Court finds and concludes that a sentence of 96 months is fair and reasonable and respectfully declines to reduce the 96-month sentence, as noted above.

For the reasons stated, the Court has respectfully declined Defendant's motion for a reduction. However, the Court does wish the Defendant good luck in his transition back into the community.

D.W.F.